**The CASE–HOYT CORPORATION,
Plaintiff,**

v.

**GRAPHIC COMMUNICATIONS
INTERNATIONAL UNION
LOCAL 503, Defendant.**

No. 96–CV–6284L.

United States District Court,
W.D. New York.

May 20, 1998.

Nicholas Fiorenza, Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C., East Syracuse, NY, for Plaintiff.

James R. LaVaute, Blitman & King, Syracuse, NY, for Defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

In a decision, filed March 18, 1997, I confirmed an arbitration award in favor of defendant, Graphic Communications International Union Local 503 ("Union"), and against plaintiff, Case–Hoyt Corporation ("Case–Hoyt" or "Company"). Pending before the Court now is the Union's motion for an order of contempt for Case–Hoyt's failure to comply with that award.

## FACTUAL BACKGROUND

In the fall of 1993, Case–Hoyt laid off several employees as part of a company-wide restructuring and downsizing plan. The Union filed grievances on behalf of these employees. In accordance with the collective bargaining agreement in effect between the Company and the Union, these grievances were eventually submitted to arbitration. On May 8, 1996, the arbitrator issued an award, finding that the Company had violated the collective bargaining agreement with respect to seventeen employees. The arbitrator specifically ordered the Company to: (1) reinstate these employees by June 7, 1996; and (2) provide them with back pay, calculated from the date they filed their grievances until the date their contract expired.

Case–Hoyt immediately commenced this action to vacate the award on the ground that the arbitrator had exceeded his authority in interpreting certain provisions of the collective bargaining agreement. Ultimately, Case–Hoyt moved for summary judgment, vacating the award, and the Union cross-moved for summary judgment, confirming the award. The Union also requested additional make-whole relief, including back pay with interest and lost fringe benefits, computed from the date the arbitrator directed the Company to reinstate the employees until the date the Company actually complied with that directive.

In a decision, filed March 18, 1997, familiarity with which is assumed, I denied the Company's motion for summary judgment and granted the Union's cross-motion for summary judgment. *Case–Hoyt Corp. v. Graphic Communications Int'l Union Local 503,* 960 F.Supp. 32 (W.D.N.Y.1997). In doing so, I confirmed the arbitration award in its entirety.

The Union then moved to amend the judgment to require the Company to provide the employees with this additional make-whole relief. The Union also asked this Court to calculate the specific monetary amounts owed to each employee. In a decision, filed August 13, 1997, familiarity with which is assumed, I denied the Union's motion to amend, finding that it was neither necessary nor appropriate. *Case–Hoyt Corp. v. Graphic Communications Int'l Union Local 503,* 975 F.Supp. 231 (W.D.N.Y.1997). I already had confirmed the arbitration award, and, therefore, the employees were entitled, without an amendment to the judgment, to obtain the full benefit of the arbitrator's award as of the date it was entered.

After the issuance of that decision, the parties began working toward compliance with the arbitrator's award. For example, on September 22, 1997, the Company offered reinstatement to the affected employees, and all grievants who accepted the offer were returned to the work force. Further, on October 6, 1997, the Company offered most of the employees back pay to cover the period from the date their grievances were filed until the date their contract expired.

Two issues, however, have arisen between the parties. The first and most significant issue involves the Company's refusal to make twelve of the seventeen employees whole for the Company's failure to reinstate them from June 7, 1996 until September 22, 1997. The Company maintains that these twelve employees would not have survived post–1993 layoffs and, therefore, are not entitled to compensation. The second issue involves the Company's refusal to provide two employees back pay for the period of time they were on disability leave in 1994. The Company maintains that since these employees would not have worked during that period, they should not receive the full complement of back pay awarded by the arbitrator. It is the parties' inability to resolve these two issues that has

prompted the Union's motion for an order of contempt.

## DISCUSSION

■ The Union maintains that the Company's failure to fully compensate these employees is in direct violation of my orders confirming the arbitration award and, therefore, constitutes contempt of this Court. The Company, on the other hand, maintains that the proper forum for resolving these reinstatement and back pay issues is before the arbitrator and not before this Court.

I find that these issues should, in fact, be presented to the arbitrator and, therefore, are not properly raised before me on a contempt motion. First of all, by virtue of the collective bargaining agreement, the parties had agreed that all disputes arising under that agreement would be submitted to arbitration. It is because of that original agreement that the parties first submitted their disputes to the arbitrator. Second, although the arbitrator did issue a decision which was confirmed by the Court, it is evident from the pleadings and from the arbitrator's decision that he envisioned that disputes concerning implementation of his decision would be resolved by him according to the rules of arbitration. In his decision, the arbitrator specifically stated that he retained jurisdiction to resolve any and all issues regarding the remedy provided by his decision and he further provided that he would be prepared "to take evidence, if necessary, regarding the appropriate monetary amounts due each Grievant." Arbitrator's Decision and Award at 53. Later in that decision, *id.* at 54, the arbitrator specifically referenced the fact that he retained jurisdiction to resolve any disputes concerning reinstatement and regarding specific amounts paid by the Company to the grievants. Therefore, it seems evident that the arbitrator anticipated that there would be further proceedings before him should disputes arise relative to his decision. It is equally clear, that this Court does not have *de novo* jurisdiction to resolve disputes between these parties in light of the specific agreement between them to resolve disputes by means of arbitration. Therefore, in light of the strong federal policy favoring resolution of labor disputes through arbitration, *see State v. Oneida Indian Nation*, 90 F.3d 58, 61 (2d Cir.1996); *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir.1991), and in view of the arbitrator's express retention of jurisdiction, it is clear that the remaining disputes should be submitted to the arbitrator for decision and not this Court by means of a contempt proceeding.

■ I also find that the Union's attempt to embroil this Court in the merits of the underlying disputes—albeit, under the guise of a contempt proceeding—is improper.[1] District courts "play only a limited role when asked to review the decision of the arbitrator." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Essentially, "[w]here circumstances after an arbitration award make judicial intervention inevitable, courts attempt to make this intervention limited, in order not to usurp the vital role of an arbitrator in interpreting the union contract and in maintaining industrial harmony." *National Post Office Mail Handlers v. United States Postal Serv.*, 647 F.2d 605, 607 (5th Cir.1981). I fulfilled my limited role when I confirmed the arbitration award. I simply do not have *de novo* authority to resolve the merits of the disputes that have arisen between the Union and the Company regarding the arbitration award. *See United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). These disputes must be taken up with the arbitrator in the first instance.

Therefore, the parties are to return to the arbitrator. He may find that the Company has waived the arguments concerning reinstatement and back pay by failing to raise

---

1. Even if this matter were properly before me on a contempt motion, there may have been some obstacles to the imposition of a contempt sanction. First, I am not convinced that my orders were sufficiently clear and unambiguous to sustain a contempt finding. Second, there are fac-

tual issues regarding whether Case–Hoyt diligently attempted in a reasonable manner to comply with this Court's decisions of March 18, 1997 and August 13, 1997. *United States v. Local 1804–1*, 44 F.3d 1091, 1096 (2d Cir.1995).

them during the original arbitration proceedings. Conversely, the arbitrator may find that these issues are properly raised now and need to be resolved. That determination, however, is one to be made by the arbitrator. Under either scenario, the arbitrator will be able to assist the parties in calculating the precise amount due and owing to each individual grievant-a task the arbitrator expressly reserved jurisdiction over and one the parties clearly need assistance with. Whatever the arbitrator decides, I strongly suggest that the parties abide by that decision and put an end once and for all to this contentious and protracted litigation.

## CONCLUSION

For all these reasons, the Union's motion for contempt (Docket # 47) is denied.

IT IS SO ORDERED.